IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| RAMOT AT TEL AVIV UNIVERSITY LTD., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 2:22-CV-00168-JRG |
| CISCO SYSTEMS, INC., | § § § | |
| Defendant. | § § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Cisco Systems, Inc.'s ("Cisco") Motion to Transfer Pursuant to the First-to-File Rule (the "Motion"). (Dkt. No. 13). In the same, Cisco asks the Court to transfer this case to the District of Delaware, where the first-filed action between the parties is pending. Having considered Cisco's Motion and the subsequent briefing, the Court is of the opinion that the Motion should be **GRANTED** for the reasons discussed herein.

**I.     BACKGROUND**

Ramot at Tel Aviv University Ltd. ("Ramot") is a limited liability company organized under the laws of Israel with its principal place of business in Tel Aviv, Israel. (Dkt. No. 1 ¶ 4). According to Ramot, Cisco is a Delaware corporation with its principal place of business in San Jose, California. (Dkt. No. 1 ¶ 8).

On May 24, 2022, the United States Patent and Trademark Office ("USPTO") issued U.S. Patent No. 11,342, 998 ("the '998 patent"), titled "Linearized Optical Digital-to-Analog Modulator", to Ramot (hereafter, the "Asserted Patent"). (Dkt. 13 at 5). The Asserted Patent is directed to methods and systems for converting digital data into modulated optical signals. (*Id.*) At 12:01 am EDT on May 24, 2022, Cisco filed a Complaint for Declaratory Judgment against Ramot

in the District of Delaware seeking a declaration that Cisco's products do not infringe any claim of the '998 patent. *Cisco Sys., Inc. v. Ramot at Tel Aviv Univ. Ltd.*, No. 1:22-cv-00674, Dkt. 1 (D. Del.) (hereinafter, "the Delaware Action"). (*Id*. at 7) At 12:23 am CDT, Ramot filed the instant lawsuit alleging that Cisco directly and indirectly infringes the '998 patent by "making, using, offering for sale, selling and importing optical networking transceiver modules and line cards, and components thereof, providing advanced electro-optical modulation techniques—including, without limitation, certain Cisco's and subsidiary Acacia's various optical networking modules, line cards, and associated circuitry and software." (Dkt. 1 at ¶ 3) (hereinafter, the "EDTX Action").

In the instant Motion, Cisco seeks a transfer of the EDTX Action to the District of Delaware pursuant to the first-to-file rule. (Dkt. No. 13 at 5). Ramot opposes Cisco's transfer request. (*See* Dkt. Nos. 20 and 24).

## II.   DISCUSSION

Cisco argues that dismissal or transfer is proper because the first-filed Delaware Action is substantially similar to this action. (Dkt. No. 13 at 10–12). Cisco also argues that the applicability of the anticipatory filing exception to the first-to-file rule should be decided by the Delaware Court. (*Id*. at 8).

Ramot argues that compelling circumstances warrant a denial of transfer, including this Court's familiarity with Ramot's patents, a weighing of the § 1404(a) convenience factors, the anticipatory nature of the filing of the Delaware Action, and the vacancy of the judgeship in the Delaware Action. (Dkt. Nos. 20, 24).

"When confronted with substantially similar declaratory judgment and patent infringement actions filed in different jurisdictions, courts generally favor the forum of the first-filed action, whether or not it is a declaratory action." *RPost Holdings, Inc. v. Sophos, Inc.*, No. 2:13-cv-959,

2014 WL 10209205, at *1 (E.D. Tex. Aug. 20, 2014) (citing *Genentech, Inc. v. Eli Lilly and Co.*, 998 F.2d 931, 938 (Fed. Cir. 2008) (citations omitted)).

In determining whether to apply the first-to-file rule to an action, a court must resolve two questions: (1) are the two pending actions so duplicative or involve substantially similar issues that one court should decide the subject matter of both actions; and (2) which of the two courts should take the case? *Id.* (citing *Texas Instruments, Inc. v. Micron Semiconductor*, Inc., 815 F. Supp. 994, 997 (E.D. Tex. 1993)). Courts determining substantial similarity have examined "whether they involved the same parties, the same technology, the same inventors, overlapping remedies, the same witnesses, or overlapping issues in claim construction." *SIPCO, LLC v. Emerson Elec. Co.*, No. 6:15-cv-0907, 2016 WL 7743496, at *2 (E.D. Tex. July 1, 2016); *E-Z-EM, Inc. v. Mallinckrodt, Inc.*, No. 2:09-cv-00124, 2010 WL 1378820, at *2 (E.D. Tex. Feb. 26, 2010). Once the "substantial similarity" threshold is crossed, the first-to-file rule accords the first-filed court the responsibility to determine which case should proceed. *RPost Holdings, Inc.*, No. 2:13-cv-959-JRG, 2014 WL 10209205, at *1 (E.D. Tex. Aug. 20, 2014) (citing *Genentech*, 998 F.2d 931 at 938 (Fed. Cir. 2008)).

The Court finds that the Delaware Action and the EDTX Action substantially overlap such that one court should decide the subject matter of both actions. This does not appear to be in dispute. Ramot's Complaint only asserts patent infringement of the '998 Patent against Cisco. (Dkt. No. 1 at 35–58). The parallel action in the District of Delaware seeks a declaration that Cisco's products do not infringe any valid claims of the '998 Patent. (*See* Delaware Action, Dkt. No. 1). The issues in the EDTX Action are clearly substantially similar to the patent infringement issues in the Delaware Action.

Having found that the two pending actions involve substantially similar issues, this Court

3

declines to resolve the question of which of the two courts should proceed. Ramot argues that the District of Delaware should not be treated as the first-filed court because the Delaware Action is an "anticipatory filing." (Dkt. No. 20 at 10–14). However, it is not the second-filed court's position to determine the appropriate venue. *RPost Holdings,* 2014 WL 10209205, at *1; *Texas Instruments*, 815 F. Supp. at 999 ("[T]he Court cannot grant the relief [Plaintiff] requests for the reason that the first-to-file rule gives the first-filed court the responsibility to determine which case should proceed*."); see also Save Power Ltd. v. Syntek Fin. Corp*., 121 F.3d 947, 950 (5th Cir. 1997) ("Where duplicative issues and parties exist in two cases[,] the court with the first case should resolve the issues between the parties and the second court should defer."); *Cadle Co. v. Whataburger of Alice, Inc*., 174 F.3d 599, 605–06 (5th Cir. 1999) (holding that the second-filed court correctly refused to resolve the question of whether the first-filed court or the second-filed court should retain the case).

Consistent with the principles of comity and conservation of judicial resources, this Court should not usurp the first-filed court's role. *Texas Instruments*, 815 F. Supp. at 999. By limiting its analysis, this Court avoids trenching on the authority of its sister court, one of the very abuses the first-to-file rule is designed to prevent. Moreover, the Delaware Court recently considered a motion filed by Ramot to transfer the Delaware Action to this Court. The Delaware Court denied Ramot's transfer request finding that, on balance, the ease of consolidating cases in the District of Delaware and Ramot's familiarity with the District of Delaware outweighed transfer to this District. (*See* Delaware Action, Dkt. No. 45). Accordingly, the Court finds that this action should be **TRANSFERRED** to the United States District Court for the District of Delaware pursuant to the "first-to-file" rule.

### III.  CONCLUSION

For the reasons stated above, Cisco's Motion (Dkt. No. 13) is **GRANTED**. It is **ORDERED** that the above cause of action is hereby **TRANSFERRED** to the United States District Court for the District of Delaware. The Clerk shall forthwith take such steps as are needed to effect this transfer.

**So Ordered this**
**Dec 2, 2022**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

5